CARD *v.* STATE.

[86 South. 460. No. 21161.]

1. FENCES. *Gratuitous licensor held not guilty of tearing down and removing a fence.*

A gratuitous licensor, who permits another to repair a fence upon land rented by the licensor, is not guilty of a willful or malicious trespass under section 1389, Code of 1906 (section 1132, Heming-

way's Code), for tearing this fence down, who, before doing so, notifies the licensee to remove the fence, and the licensee declines.

2. LICENSES. *Gratuitous licensee to repair fence upon licensor's land is revocable.*

A gratuitous license to repair a fence situated upon the land of the licensor is revocable at the will or pleasure of the licensor.

APPEAL from circuit court of Webster county.

HON. T. L. LAMB, Judge.

Tom Card was convicted before a justice of the peace on an affidavit charging the willful, unlawful, and malicious tearing down and removing a fence, and from a judgment of conviction in the circuit court on his appeal he appeals Reversed and remanded.

See, also, 84 So. 708.

*Sam Cook* and *McKeigney & Latham,* for appellant.

Our view of this cause on the whole record, is that the evidence not only does not tend to prove a violation of the criminal law, but rather shows affirmatively that he is guilty of no offense.

The evidence fully shows that appellant Tom Card was the lessee of a tract of land of one Golden for the year 1918, and that the prosecuting witness Weeks was the lessee for that year of a tract of land of one McClure, the two tracts of land joining. As to this there is no controversy in the record. Appellant was prosecuted and convicted for tearing away about thirty feet of wire fence running across the Golden lands in which appellant was in lawful possession for the year 1918.

The case seems to have proceeded in the court below on the theory that, although the fence was on the land of which Cards was in lawful possession, he authorized Weeks to build the fence, and that the subsequent tearing away of same by appellant constituted the offense of willful and malicious trespass. It may be admitted that appellant

authorized Weeks to put the fence on the Golden land, but still appellant was guilty of no violation of the criminal law in tearing it away.

Weeks, at most, was only a parol licensee, not even paying for the privilege of erecting the fence on the Golden land in possession of Card. That Weeks, at most, was only a licensee, is conclusively shown by the evidence in the case, is too plain for argument, and citation of authority, unnecessary. Weeks being nothing more than a licensee, and, that, too, without consideration. Card had the right to remove the fence in the manner in which he did, and was under no sort of legal obligation to Weeks. Notice to Weeks from Card was unnecessary, and especially is this true in view of the fact that the license to put the fence on the Golden land was without consideration. See 18 Am. & Eng. Ency. L. (2 Ed.), p. 1140; 25 Cyc., p. 652; 33 Am. St. Rep. 536.

Under these authorities Card, by tearing away the fence on land which he held under lease for the year 1918, although he may have authorized the building of it, did not even incur a civil liability to Weeks, and *a fortiori* no criminal liability was incurred. But there was in fact notice from Card to Weeks, to remove the fence, this fact being fully shown by the record.

According to the testimony, Card told Weeks that he did not want the fence on this land. But the theory of the prosecution is that Card authorized Weeks to put the fence on the Golden land. We most respectfully submit that Weeks, being a mere licensee, if indeed his position rises even to the dignity of licensee, the parol license to build the fence was revocable at any time by the licensor, as is fully sustained by the authorities cited, in our view of this case. And we know of no authorities holding a licensor amenable to the criminal laws for exercising his right to revoke. So to hold, it seems to us, would be to deny the right, and this right was in effect denied appellant in the court below.

*Wm. Hemingway,* assistant attorney-general, for the state.

In the argument of the attorney for appellant the fact is set out that the appellant, Tom Card, was a lessee of a tract of land of one, Golden, for the year 1918, and that the prosecuting witness, Weeks, was a lessee for that year of a tract of land of one McClure; the two tracts of land joining. He states that there is no controversy as to the above in the record. Appellee will go still further and state that the case is well grounded as both the appellant and the prosecuting witness, both are lessees of land and they are recognized by law as freeholders for the length of their lease and enjoy the same privilege as such. In law, the lessee is the owner during the continuance of his term. *State* v. *Whitner,* 92 N. C. 798; *State* v. *Mason,* 35 N. C. 341. The above establishes the fact that a lessee can be held criminally liable for trespass as they are the owners of property for the duration of their term.

Attorneys for the appellant state that the case seems to have proceeded in the court below on the theory that although the fence was on the land in which Card was in lawful possession, he authorized Weeks to build the fence, and that the subsequent tearing away of same by appellant constituted the offense of wilful and malicious trespass. Appellee agrees fully that this constituted the offense of willful and malicious trespass as Weeks received no notice from Card that the fence would be torn down, presuming, of course, that this fence was built on Card's land by permission from him, and presuming, also, that it was not on the line fence. To remove this fence would require notice.

Notice of revocation. Where the licensee has movable property on the premises, he should be given reasonable notice of a revocation of the license and an opportunity to remove it. But where the termination of the license necessitates no removal of property, no notice is necessary. 25 Cyc. 652, paragraph 3.

Appellee contends that if Mr. Weeks is a constituted licensee, he should have been given reasonable notice and

an opportunity to remove the fence. Appellant served no notice whatever on appellee but merely down the fence and removed it. If Weeks is nothing more than a licensee without consideration, as is contended by the attorneys for appellant, he is under legal obligation to Weeks even though there may have been no consideration. If this had been the case it would have been necessary for notice, as has been shown in the case of *State* v. *Watson,* 86 N. C. 626, the substance of which is as follows:

"One who removes a fence situated wholly on land in his possession and to which he has title is not subject to criminal prosecution, although the fence had by agreement been established as a line fence between his land and prosecutor's."

There was more than two months' notice given in this case and appellee agrees that two months' notice or more is a reasonable time in which to give the licensee opportunity to remove his property (see *State* v. *Whitiner,* 92 N. C. 798, as cited above as to lessee's title to propery).

If Tom Card gave his consent for Weeks to put the fence on his land and did not give him notice to remove same, then Tom Card is guilty of wilful and malicious trespass, if the fence was not already on the line. If Weeks built the fence on what was recognized as the old line fence, even though it was on part of Golden's land, he would still be guilty of wilful and malicious trespass, to cut and remove same without notice to Weeks.

Lessee has control of the property and not the landlord, as is shown in the case of *State* v. *Whitiner,* 92 N. C. 798, and *State* v. *Mason,* 35 N. C. 341.

Appellee further shows that a license from a tenant in possession is sufficient, although the owner forbids the act. *Freeman* v. *Wright,* 113 Ill. 159; *State* v. *Lawson,* 101 N. C. 717, 7 S. E. 905; 9 Am. State Rep. 42.

As to the testimony of the witnesses of defendant in the court below, they failed utterly to rebut the testimony of the state. The question of credibility of witnesses is one which belongs exclusively to the jury. *Osborne* v. *State,* 55 So. 52.

SYKES, J., delivered the opinion of the court.

An affidavit was made out against the appellant before a justice of the peace court for willfully, unlawfully, and maliciously tearing down and moving a cross fence, presumably under section 1389, Code of 1906 (section 1132, Hemingway's Code), which relates to a willful or malicious trespass upon real or personal property of another. Appellant was convicted before the justice of the peace, and appealed to the circuit court, in which latter court he was also convicted, and from which judgment of conviction he prosecutes this appeal.

The testimony for the state was to the effect that the appellant agreed with the prosecuting witness that this witness could maintain a fence, a portion of which was wholly situated upon land rented by the appellant; that in pursuance of this oral agreement the prosecuting witness repaired this fence, and used the land under fence as a pasture; that some time thereafter the appellant told the witness that he wanted him to move the fence, but the witness declined to do so. Some days thereafter the appellant tore down several panels of this fence, situated wholly upon land rented by appellant. There is also some testimony in the record that another part of this fence, which was situated on the dividing line between lands rented by the appellant and the prosecuting witness, was also torn down, but the witness did not know by whom this part of the fence was torn down. Under this testimony of the state the appellant was guilty of no offense. The state's witness who repaired the fence was merely a gratuitous license, and this license was revocable at the pleasure or will of the licensor, the appellant. 25 Cyc. 652, 18 Am. & Eng. Ency. of Law (2 Ed.), p. 1140; *Pitzman* v. *Boyce,* 111 Mo. 387, 19 S. W. 1104, 33 Am. St. Rep. 536.

It is the contention of the state in this case that, while the appellant could revoke this license at pleasure, before he could remove the fence it was his duty to have given the licensee notice of the revocation. We are not called upon

in this case to decide whether or not this notice is necessary, because the testimony of the licensee is to the effect that this notice was given him, and that he declined to remove the fence. In view of the fact that no peremptory instruction was requested by the appellant in the court below, the judgment of the lower court will be reversed, and the cause remanded.

*Reversed and remanded.*